# United States Attorney's Representation of Private Insurance Company in Civil Litigation

It is not improper for the Department of Justice to admit the liability of the United States on an indemnity claim in civil litigation, even if the Department previously refused to enter into a "hold harmless" agreement with the party seeking indemnity.

Representation arrangement, whereby the United States Attorney will appear as counsel both for a private insurance group and for the United States in the same civil litigation, creates no ethical difficulty, given the coincidence of both parties' interests and their consent.

January 9, 1981

## MEMORANDUM OPINION FOR THE UNITED STATES ATTORNEY, EASTERN DISTRICT OF NEW YORK

You have requested the views of this Office on two questions that have arisen in connection with civil litigation in the Eastern District involving the New Hampshire Insurance Group (NHIG). The facts, as we understand them, are as follows: NHIG has been sued on a performance bond or bonds that were written by a bonding agent who was working undercover for the Federal Bureau of Investigation (FBI). NHIG was originally represented in the litigation by private counsel, but your office has recently assumed the defense under a representation agreement that was developed with the approval of the Associate Attorney General. While represented by private counsel, NHIG filed a third-party complaint against the United States seeking indemnity for any losses that it might sustain in the litigation. The Torts Branch of the Civil Division has now proposed that your office answer the third-party complaint on behalf of the United States, and it has suggested that the complaint be answered in a way that would effectively admit the liability or potential liability of the United States on the indemnity claim.

Your questions are the following: First, inasmuch as the Department has previously declined to enter into an explicit "hold harmless" agreement with NHIG regarding these bonds, is it proper for the Department to admit that the United States is or may be liable to NHIG on the indemnity claim? Second, is it proper from a representational standpoint for your office to appear as counsel both for NHIG and for the United States?

We have discussed these questions with the Deputy Associate Attorney General and Director of the Torts Branch. Our views are set forth below.

There is no law, regulation, or departmental policy that prevents the Department from admitting the liability of the United States in a civil case, if the United States is indeed liable, given the facts and the applicable law. If the dealings among the FBI, the undercover agent, and NHIG give NHIG a statutory cause of action for damages against the United States, it is proper for the Department to admit the liability of the United States. The unwillingness of the Department to enter into an express "hold harmless" agreement with NHIG resulted not from a rule against admitting accrued liability, but from a belief that the Department lacked, or may have lacked, the authority to create a new, purely contractual obligation to hold NHIG harmless. For reasons we need not explore, the Comptroller General has suggested that the Antideficiency Act prevents executive officers from entering into certain kinds of indemnity agreements, and there is uncertainty in any case about the authority of the Department to pay from general departmental appropriations certain private claims arising from the conduct of departmental investigators and agents. These technical fiscal constraints do not prevent the Department from acknowledging the validity of well-founded claims asserted against the United States in civil litigation; nor do they prevent the due payment of such claims from the judgment fund.

As regards the representation question, we have two observations. First, the Department has agreed to defend NHIG in the main action; it has not agreed to prosecute NHIG's claim against the United States. There would be grave doubt about our authority to do the latter, but it is clear that a defense of NHIG will advance the interests of the United States, given our contingent liability for the losses NHIG may sustain. In other words, there is a coincidence of interests between NHIG and the United States in the main action. This brings us to the second point. Because of the coincidence of interests, and because both parties have consented to the representation arrangement, we think that the dual appearance of government counsel in this case, to defend NHIG on the one hand and to admit the liability of the government on the other, creates no ethical difficulty, at least at this stage. This is an unusual case, but we think the representation arrangement is proper.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*